IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

UNITED STATES OF AMERICA,

           Plaintiff,

vs.                         No. CR 96-0244 BB

DAVID GUARDIA, M.D.,

           Defendant.

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on <u>Defendant's Renewed Motion to Dismiss Assimilative Crime Act Counts (Based on Newly Decided Authority)</u> (Doc. 136), filed March 19, 1998. Having reviewed the submissions of the parties and the relevant law, the Court finds that Defendant's motion should be GRANTED in part and DENIED in part.

**I.  Facts and Procedural History**

Defendant David Guardia, M.D. is charged with sexual assaults allegedly occurring during gynecological examinations. In a renewed motion based on new authority, Defendant seeks dismissal of Counts II, III, V, and VI of the indictment, arguing that the crimes alleged in these counts are improperly charged under the Assimilative Crimes Act. Defendant's July 2, 1996 Motion to Dismiss Counts II and V, on the same basis, was denied by this Court on August 30, 1996. Counts II and V charge criminal sexual penetration, while Counts III and VI charge battery, all in violation of New Mexico state law, under the Assimilative Crimes Act.

**II. Discussion**

The Assimilative Crimes Act permits prosecution in federal court of conduct occurring on federal land which would be punishable if committed within the jurisdiction of the state in which the federal land is located, but only if the conduct is "not made punishable by any enactment of Congress." 18 U.S.C. §13; United States v. Adams, 140 F.3d 895 (10th Cir. 1998). Defendant's renewed motion to dismiss the counts relying on state law is based on a recent Supreme Court decision, Lewis v. United States, 118 S. Ct. 1135 (1998), which, Defendant argues, expressly disapproves of Tenth Circuit precedent and redefines the point at which a "gap" exists in federal law for state law to fill.

Based on Lewis, the Court has reconsidered Defendant's original motion and now holds that the state criminal sexual penetration charges should be dismissed, as they are "directed at roughly the same sort of conduct" (Lewis at 1139) as the federal statutes under which Defendant has also been charged. However, the state battery statute is sufficiently different from the federal "assault" statute that a gap does exist with respect to those charges, and they will be assimilated.

    A.  Criminal Sexual Penetration.

In determining whether to assimilate a state criminal statute in a particular case, the court must first examine whether the defendant's act is "made punishable by any enactment of Congress." If so, the court must next determine whether "applicable federal law indicate[s] an intent to punish conduct such as the defendant's to the exclusion of the particular state statute at issue" Lewis at 1143. With regard to the charge of criminal sexual penetration in this case, the answer to both of these questions is yes.

Defendant has been charged with violation of both federal and state criminal statutes dealing with sexual penetration.  The federal statute, 18 U.S.C. §2242(2)(A), makes it a crime to "knowingly . . . engag[e] in a sexual act with another person if that person is . . . incapable of appraising the nature of the conduct."  The term "sexual act" is defined as:

> the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

18 U.S.C. §2246(2)(C).

The New Mexico statute under which Defendant was also charged defines criminal sexual penetration in the third degree as "the unlawful and intentional . . . causing of penetration, to any extent and with any object, of the genital or anal openings of another . . . through the use of force or coercion."  N.M.S.A. 1978 §30-9-11(A), (E) (1997 Cum. Supp.).  Section 30-9-11(B) also provides that criminal sexual penetration "does not include medically indicated procedures."

Although in United States v. Johnson, 967 F.2d 1431, 1436 (10th Cir. 1992), the Tenth Circuit held that the appropriate inquiry in determining whether a state criminal enactment should be assimilated is "whether the federal statute covers the precise acts" addressed in the state statute, this holding was specifically abrogated in Lewis (at 1140-41):

> some lower courts have said that the words 'any enactment' refer only to federal enactments that make criminal the same 'precise acts' as those made criminal by the relevant state law [citing Johnson] . . . But this interpretation of federal 'enactments' is too narrow.

The correct test, said the Lewis court (at 1142), is whether both state and federal statutes "seek to punish approximately the same wrongful behavior."  If so, the court must go on to ask whether

3

the federal enactment was intended by Congress to occupy the field to the exclusion of state law. If Congress did so intend, then state law cannot be assimilated, and counts of the indictment based on state statutes must be dismissed.

The Government offers two bases for its argument that the state and federal statutes dealing with criminal sexual penetration cover different ground. First, the Government argues that the New Mexico statute expressly provides an element not contained in the federal statute, that is, that the sexual contact did not involve a "medically indicated procedure," whereas the federal statute contains no such express condition. This does not create a gap in federal law. As Defendant correctly points out, the requirement of "no medically indicated procedure" is clearly implied in the federal statute whether or not it is explicitly spelled out. Otherwise, every gynecologist would violate the statute every time they conducted a legitimate medical examination.

Secondly, the Government argues, the federal statutes require the specific intent of sexual gratification or victim humiliation, whereas the state statute is merely a general intent crime. However, it is the doctor's intent in touching the patient which turns a legitimate gynecological examination into a criminal sexual assault. Thus, whenever a physician is accused of sexual assault in the course of a medical examination, the requirement of an intent to gratify sexual desire or otherwise intrude on the victim's bodily integrity must necessarily be included in the definition of criminal sexual penetration in the state statute. In addition, the New Mexico sexual assault statute requires as "an essential element of the offense" that the penetration or contact be unlawful, that is, "done with the intent to arouse or gratify sexual desire, or to intrude upon the bodily integrity" of the victim." State v. Osborne, 808 P.2d 624, 627 (N.M. 1991); see also, UJI

Criminal 14-132 (Vol. 36, No. 52, SBB 10 (December 25, 1997)); UJI Criminal 14-984. The "unlawfulness" element provides a parallel to the federal statute's specific intent, and it is clear that the two statutes "seek to punish approximately the same wrongful behavior."

The final <u>Lewis</u> requirement has also been met, in that it is apparent that Congress intended the federal statutes on criminal sexual penetration to cover the field as an integrated whole to the exclusion of state law, leaving no gap for the New Mexico statute to fill. As early as 1946, in a case involving statutory rape on an Indian reservation, the Supreme Court noted:

> the legislative history shows an increasing purpose by Congress to cover rape and all related offenses fully with penal legislation . . . Congress repeatedly has increased its list of specific prohibitions of related offenses and has enlarged the areas within which those prohibitions are applicable. It has covered the field with uniform federal legislation affecting areas within the jurisdiction of Congress.

<u>Williams v. United States</u>, 327 U.S. 711, 784-85 (1946). This trend culminated in the federal statute under which Defendant is charged in this case, and its legislative history indicates that one purpose of the enactment is "expanding the offenses to reach all forms of sexual abuse of another . . . current Federal law protects victims only from unconsented-to sexual intercourse; other forms of sexual abuse are not proscribed. H.R. 4745 is drafted broadly to cover the widest possible variety of sexual abuse . . .." H.R. Rep. No. 99-594, at 7-9 (1986).

Because the federal and state statutes under which Defendant was charged with criminal sexual penetration are intended to reach approximately the same type of conduct, and because Congress intended to cover the field to the exclusion of state law, N.M.S.A. 1978 §30-9-11(E) cannot be assimilated, and Counts II and V of the indictment will be dismissed.

B.  <u>Battery</u>.

In Counts III and VI, Defendant was charged through the Assimilative Crimes Act with battery under N.M.S.A. 1978 §30-3-4 (1994 Repl. Pamp.).  That statute defines battery as "the unlawful, intentional touching or application of force to the person of another, when done in a rude, insolent or angry manner."  Defendant was not charged with a parallel federal crime, as was the case with the criminal sexual penetration charges.  The inquiry, then, is whether there is any federal statute which covers approximately the same conduct as that defined in §30-3-4.  The Court finds that there is not.

Defendant points to 18 U.S.C. §113(A)(4) as the federal enactment closest to the New Mexico battery statute.  Section 113(A)(4) provides criminal penalties for "[a]ssault by striking, beating, or wounding."  The federal statute does not include the state elements of "rude, insolent, or angry" demeanor, but under the flexible <u>Lewis</u> approach, this difference alone would probably not mandate assimilation.  However, the two statutes nevertheless define and seek to punish behavior which is not "approximately the same," and the federal assault statute does not "cover the field" established in the state battery statute.  The federal provision, unlike New Mexico's, does not proscribe unlawful touching unless "striking, beating, or wounding" is involved.  The crimes charged in this case involve unlawful touching, but there is no allegation of "striking, beating, or wounding."  Defendant has pointed to no other federal statute covering the acts defined in N.M.S.A. 1978 §30-3-4, and there appears to be "a substantial difference in the kind of wrongful behavior covered" under the state and federal laws.  <u>Lewis</u> at 1142.  Therefore, there is a "gap" for the state battery statute to fill.  This state statute will be assimilated, and Defendant's motion to dismiss Counts III and VI will be denied.

### III. Conclusion

Defendant's renewed motion to dismiss Counts II and V will be Granted. The motion to dismiss Counts III and VI will be Denied.

An order in accordance with this Memorandum Opinion will issue.

Dated at Albuquerque this 24th day of June, 1998.

_____
BRUCE D. BLACK
United States District Judge